```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARCUS GOODWIN,**

                         Petitioner,

         v.                                     CASE NO. 08-3024-SAC

**STATE OF KANSAS, et al.,**

                         Respondents.


### O R D E R

    This matter is before the court on a petition for writ of habeas corpus filed pro se by a prisoner incarcerated in a Kansas correctional facility. Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis in his habeas action.

    Plaintiff appears to be challenging the execution of his Kansas sentence by the Kansas Department of Corrections (KDOC), thus his pro se petition is liberally construed as filed under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of his conviction or the sentence imposed, is properly brought under 28 U.S.C. § 2241). Plaintiff states his sentence includes a mixture of "old law" and "new law" sentences, referring to a controlling 23 years to life sentence imposed in 1976 and 1986 prior to enactment of the Kansas Sentencing Guidelines Act, and a consecutive 37 month sentence imposed thereafter in 1999. Plaintiff essentially claims his release on

parole in 2002 effected a full release from his life sentence, and repeats arguments he raised in the Kansas appellate courts without success, namely that the state district erred in failing to appoint counsel and conduct an evidentiary hearing before summarily denying plaintiff's motion under K.S.A. 22-3504 to correct error in petitioner's 1999 sentence, and in finding it had no jurisdiction to consider petitioner's motion regarding a sentence that had already been served.

This court, however, is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because petitioner alleges only violations of Kansas rather than federal law, no cognizable claim under the federal habeas statute is presented. Id. at 865. *See* Overturf v. Massie, 385 F.3d 1276, 1279 (10th Cir. 2004)(allegation that state prisoner's custody violates state law does not satisfy 28 U.S.C. § 2244(c)(3) requirement for obtaining federal habeas relief); Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir.)(habeas corpus jurisdiction of federal courts does not empower them to correct errors of state law), *cert. denied*, 525 U.S. 950 (1998). *See also* Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).

Moreover, it is well established that petitioner has no right

protected by the United States Constitution to the appointment of counsel state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  And as a matter of Kansas law, an evidentiary hearing and appointment of counsel are not necessary on a motion to correct an illegal sentence unless substantial issues of fact or law are raised.  State v. Duke, 263 Kan. 193, 194-96 (1997). To the extent petitioner seeks an evidentiary hearing in federal court, none is warranted on petitioner's allegations of state law violations.  *See e.g.* Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995)(federal district court not required to hold hearing unless habeas petitioner makes "allegations which, if proved, would entitled him to relief").  *See also* 28 U.S.C. § 2254(e)(2) (requirements to be satisfied before evidentiary hearing can be held on habeas claim by state prisoner).

The court thus concludes petitioner's application for federal habeas corpus relief should be summarily dismissed.  *See* McFarland v. Scott, 512 U.S. 849, 856 (1994)(federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

**IT IS SO ORDERED.**

DATED:  This 10th day of March 2008 at Topeka, Kansas.

                         s/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge