IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARCUS GOODWIN,

                            Petitioner,

            v.                              CASE NO. 08-3024-SAC

STATE OF KANSAS, et al.,

                            Respondents.


O R D E R

       Petitioner, a prisoner incarcerated in a Kansas correctional
facility, proceeds pro se and in forma pauperis on a petition for
writ of habeas corpus under 28 U.S.C. § 2241, challenging the
execution of his state sentence.

       By an order dated March 10, 2008, the court summarily dismissed
the petition, finding petitioner essentially alleged only violations
of Kansas statutes rather than any violation of his rights under the
United States Constitution or federal law, and finding no violation
of petitioner's federal rights in the state court's denial of
petitioner's request for appointment of an attorney in petitioner's
post-conviction motion under K.S.A. 22-3504 to correct an illegal
sentence.   Before the court is petitioner's motion for
reconsideration, docketed on March 20, 2008, which includes
petitioner's notice of appeal and request for leave to proceed in
forma pauperis on appeal.

       A motion to reconsider filed within ten days after entry of

judgment is to be considered as a motion to alter or amend the judgment entered in a case, and as filed under Rule 59(e) of the Federal Rules of Civil Procedure.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  The court thus treats the instant pleading as a timely filed motion to alter or amend the final order and judgment entered in this matter on March 10, 2008.

Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)).  While a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. Id. (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In the instant case, petitioner states in his initial habeas application that his sentence includes a mixture of "old law" and "new law" sentences, referring to a controlling 23 years to life sentence imposed for 1976 and 1986 convictions prior to enactment of the Kansas Sentencing Guidelines Act (KSGA), and a consecutive 37 month sentence imposed thereafter in 1998.  Petitioner was paroled in 1999 on his life sentence and began service on his 37 month sentence.  After service of that determinate prison term, petitioner was released to post-release supervision on the 1998 "new law"

sentence and continued on parole on his "old law" indeterminate life sentence.   Petitioner claimed that "[o]nce he was paroled to a determinate sentence he was released from his life sentence." (Petition, Doc. 1, p.ii.)   Following revocation of petitioner's parole and post-release, petitioner filed the instant action to alleged violations of the Due Process, Cruel and Unusual Punishment, and Equal Protection Clauses.   Petitioner's specific allegations were not clear, but appeared to center on the alleged wrongful reactivation of one or more of his sentences, and his understanding that once he was paroled on his determinate sentence his indeterminate life sentence lost any further controlling effect. Petitioner also repeated arguments raised in the Kansas appellate courts without success, namely that the state district court erred in failing to appoint counsel and conduct an evidentiary hearing under K.S.A. 22-3504 before summarily denying petitioner's motion to correct alleged illegality in petitioner's sentence.

Notwithstanding petitioner's sweeping reference to various constitutional rights, this court found the allegations in petitioner's habeas application rested instead on alleged error in the application of state statutory directives regarding petitioner's service of his "old law" indeterminate life sentence for offenses committed prior to enactment of the KSGA.   The court thus concluded these allegations presented no basis for granting federal habeas relief.   See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief is only available upon a showing that a conviction violated federal law and review "does not lie for errors of state

3

law," *quoting* <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990)). The court further found no violation of petitioner's federal rights in not being appointed counsel to assist petitioner with his motion to correct an illegal sentence.

In his motion for reconsideration, petitioner more expansively claims that once he was paroled on his "old law" indeterminate sentence to a "new" determinate sentence, and once that "new" sentence was terminated, he was wrongfully placed back on his "old law." Petitioner contends this "alteration" of his sentence without a hearing, without appointment of counsel, and without an intervening change in the law violated his rights under the Ex Post Facto and Double Jeopardy Clauses. Petitioner also repeats his claim that the denial of a hearing in the state court on his motion to correct an illegal sentence, and the denial of his request for appointment of counsel on that motion, violated his federal constitutional rights.

Petitioner did not assert Ex Post Facto and Double Jeopardy claims in his original habeas application. Normally a motion to alter or amend is not a proper vehicle for raising new claims, however, the federal rules of civil procedure have limited applicability to habeas corpus proceedings. *See* Fed.R.Civ.P. 81(a)(2) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. Under the circumstances, the court finds it appropriate to grant petitioner's motion to alter or amend, and to set aside the final order and judgment entered on March 10, 2008, to address all allegations of constitutional error

4

in petitioner's pleadings.  Petitioner's motion for reconsideration is thus liberally construed by the court as incorporating petitioner's amendment to the original petition.

Having carefully reviewed the record, the court directs petitioner to show cause why this matter should not be summarily dismissed for the following reasons.

*No exhaustion of state court remedies.*

To obtain relief on any of his allegations of constitutional error, petitioner must be able to demonstrate that he has fully exhausted state court remedies on these federal claims.  28 U.S.C. § 2254(b)(1).  It does not appear petitioner can do so, as his federal claims are not included in the state appellate brief petitioner attached as an exhibit to his habeas application.  If state court review remains available on any of petitioner's federal claims, the instant petition is subject to being summarily dismissed without prejudice to allow petitioner to pursue any such remedies.

*Habeas review barred by procedural default.*

If as it appears however, that state court review of petitioner's federal claims is now foreclosed by petitioner's failure to raise these claims in the state courts in a proper and timely manner, then habeas review is barred by petitioner's procedural default in presenting his claims to the state courts.[1]

_____

[1]The procedural default doctrine bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim--as the exhaustion doctrine requires--and the prisoner cannot cure that failure because state-court remedies are no longer available.  *See* <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848

*See* <u>Woodford v. Ngo</u>, 548 U.S. 81, __, 126 S.Ct. 2378, 2387 (2006)(if state court remedies are no longer available  because the prisoner failed to comply with state procedural requirements, then the prisoner's procedural default functions as a bar to federal habeas review).  To excuse this bar, petitioner must demonstrate cause for his procedural default and actual prejudice resulting from the alleged violations of federal law, or petitioner must demonstrate that the failure to consider his federal claims "will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 749 (1991).

   *No legal or factual basis for federal habeas relief.*

   Additionally, the court continues to find petitioner's allegations of constitutional error are subject to being summarily dismissed because they essentially allege erroneous interpretation and application of state statutes, and because there is no factual basis or support on the face of the record for any  of petitioner's federal claims.  *See* <u>Overturf v. Massie</u>, 385 F.3d 1276, 1279 (10th Cir. 2004)(allegation that state prisoner's custody violates state law does not satisfy 28 U.S.C. § 2244(c)(3) requirement for obtaining federal habeas relief; 28 U.S.C. § 2254(b)(2)(habeas application may be denied on the merits notwithstanding the

_____

(1999)(procedural default doctrine preserves integrity of  the exhaustion doctrine); <u>Coleman v. Thompson</u>, 501 U.S. 722, 732 (1991)(a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion ... [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).

applicant's failure to exhaust available state court remedies).  The Kansas state courts have clearly and repeatedly decided as a matter of state law that petitioner's "old law" life sentence never converted to a "new law" sentence under the later enacted Kansas Sentencing Guidelines Act.  *See* State v. Goodwin, 261 Kan. 961 (1997)(defendant not eligible for retroactive application of sentencing guidelines); Goodwin v. McKune, 2004 WL 944257 (Kan.App. April 30, 2004)(Table)("An inmate whose sentence is an indeterminate sentence with a maximum of life imprisonment...must be on parole or post-release supervision for life.")(quotation marks and citations omitted).  Thus petitioner's assertions about the execution and alleged alteration of his "old law" indeterminate life sentence appear to be based only on petitioner's misunderstanding of Kansas law.

For these reasons petitioner is directed to show cause why the petition as amended should not be dismissed.  The failure to file a timely response may result in the amended petition being dismissed without further prior notice to petitioner.

To any extent petitioner's pending appeal is not rendered moot by the action taken herein by the court, petitioner's alternative motion for leave to proceed in forma pauperis in that appeal is granted.  *See* Fed.R.App.P. 24(a)(3).

IT IS THEREFORE ORDERED that petitioner's motion to alter and amend judgment (Doc. 5) is granted, and that the final order and judgment entered on March 10, 2008, is set aside.

IT IS FURTHER ORDERED the petitioner is granted thirty (30)

days to show cause why the petition, as amended by petitioner's motion for reconsideration, should not be dismissed for the reasons stated by the court.

IT IS FURTHER ORDERED that petitioner proceeds in forma pauperis in his pending appeal.

**IT IS SO ORDERED.**

DATED:  This 14th day of May 2008 at Topeka, Kansas.


　s/ Sam A. Crow　　　　　
SAM A. CROW
U.S. Senior District Judge