IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARCUS GOODWIN,**

                **Petitioner,**

      v.                                   **CASE NO. 08-3024-SAC**

**STATE OF KANSAS, et al.,**

                **Respondents.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while he was incarcerated in a Kansas correctional facility following the revocation of his state parole.

In his petition, petitioner alleged error in the execution of his state sentences in up to four Kansas cases. Notwithstanding petitioner's sweeping reference to the due process, equal protection, and Eighth Amendment protections in the United States Constitution, the court found petitioner's claims rested only on alleged error in the application of state statutory directives regarding petitioner's service of his "old law" indeterminate life sentence for offenses committed prior to enactment of the Kansas Sentencing Guidelines Act. The court denied the petition, finding these alleged errors of state law presented no basis for granting federal habeas relief. *See* Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief is only available upon a showing that a conviction violated federal law and review "does not lie for errors of state law," *quoting* Lewis v. Jeffers, 497 U.S. 764, 780

(1990)). The court also found no violation of petitioner's federal rights in counsel not being appointed to assist petitioner with his state court motion to correct an illegal sentence.

The court subsequently granted petitioner's motion for reconsideration and reopened this matter, noting petitioner's more expansive allegations of being denied his rights under the Ex Post Facto and Double Jeopardy Clauses. After reviewing the expanded allegations, the court directed petitioner to show cause why this matter should not be summarily dismissed because there was no showing petitioner had exhausted state court remedies on any of these expanded claims, and it appeared he was now procedurally barred from doing so.[1] Additionally, even if petitioner could overcome this apparent procedural bar by demonstrating "cause and prejudice" for excusing his failure to present his claims to the state courts in a timely and proper manner, or by demonstrating the federal court's failure to consider his claims would result in a fundamental miscarriage of justice,[2] the court found no legal or factual basis for petitioner's assertions that the execution of his state sentence by the Kansas Department of Corrections and Kansas

---

[1] See Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)("[I]f the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.").

[2] "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991).

2

Parole Board violated any of petitioner's constitutional rights.

Having reviewed petitioner's response to that show cause order, the court concludes the petition should again be denied.[3]

It appears petitioner is variously contending: (1) his counsel failed to raise constitutional issues to the state courts, (2) the state courts failed or refused to consider petitioner's allegations as encompassing violations of his constitutional rights, (3) counsel and the state courts conspired to prevent consideration of any claim of constitutional significance, and (4) petitioner did not have sufficient skills or resources to present and argue his constitutional claims. None of these contentions are sufficient under the circumstances of petitioner's litigation history to excuse his procedural default in seeking relief in the state courts for alleged violations of his constitutional rights. Nor is the court persuaded that petitioner's allegations regarding the application of Kansas statutes and regulations encompass any constitutional claim.

Thus for the reasons stated herein and in the show cause order entered on May 14, 2008, the court denies petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (Doc. 14) is denied.

---

[3] Petitioner's motion for appointment of counsel is denied. There is no constitutional right to the appointment of counsel in federal habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Instead, whether counsel should be appointed is left to the discretion of the court. See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332 (10th Cir. 1994). Although petitioner cites his limited understanding of the law, having reviewed the nature of petitioner's allegations and the grounds asserted, the court finds the appointment of counsel in this matter is not warranted.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 29th day of January 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge